█ In the Matter of RICK T. HUBBARD (Admitted as RICK THOMAS HUBBARD), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner. [741 NYS2d 911] —By opinion and order of this Court dated April 15, 2002, the petitioner's motion to disbar the respondent on the ground that he failed to serve and file an answer to the petition was granted, the respondent was disbarred on default, and his name was stricken from the roll of attorneys and counselors-at-law, unless he submitted to this Court a written answer within 10 days after service upon him of a copy of the opinion and order with notice of entry. The opinion and order was served upon the respondent with notice of its entry by mail on April 19, 2002. More than 15 days have elapsed and the respondent has not filed an answer. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on July 21, 1993.

Now, upon the respondent's continued failure to submit a written answer to the petition, it is,

Ordered that the petitioner's motion to impose discipline upon the respondent based upon his failure to answer is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Rick Thomas Hubbard, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, until further order of this Court, the respondent, Rick Thomas Hubbard, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law. Ritter, J.P., Santucci, Altman, Florio and Feuerstein, JJ., concur.